UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHEED AHMAD,<br><br>                             Plaintiff,<br><br>         -against-<br><br>RELIN, GOLSTEIN & CRANE LLP,<br><br>                             Defendant. | 25-CV-4167 (AS)<br><br>ORDER OF SERVICE |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Debt Collection Practices Act. (ECF 1.) Plaintiff filed a motion for emergency injunctive relief with supporting documents. (ECF 4-7.) By order dated June 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**A.    Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons be issued. The Court therefore extends the time to serve Defendant until 90 days after the date any summons issues.

("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served on Defendant within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Motion for emergency injunctive relief**

Plaintiff filed an order to show cause for preliminary injunction and temporary restraining order. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this early stage in the proceedings, Plaintiff has not shown (1) a likelihood of success on the merits; (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor; and (3) a likelihood of

irreparable harm. Accordingly, Plaintiff's request for immediate injunctive relief is denied without prejudice.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Relin, Goldstein & Crane LLP, complete the USM-285 form with the address for that defendant, and deliver all documents necessary to effect service on that defendant to the U.S. Marshals Service.

The motion for emergency injunctive relief is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 4.). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 4, 2025
         New York, New York

                                                    _____
                                                    ARUN SUBRAMANIAN
                                                    United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## SERVICE ADDRESS FOR DEFENDANT

Relin, Goldstein & Crane LLP
28 East Main Street
Suite 1800
Rochester, New York 14614