UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED AHMAD,

Plaintiff,

-v-

RELIN, GOLDSTEIN & CRANE LLP,

Defendant.

25-CV-4167 (AS)

ORDER ADOPTING REPORT AND RECOMMENDATION

ARUN SUBRAMANIAN, United States District Judge:

This motion to dismiss was referred to Magistrate Judge Jennifer E. Willis for a Report and Recommendation. *See* Docket No. 33. In the Report and Recommendation filed on August 7, 2026, Magistrate Judge Willis recommended that the motion be granted in full with prejudice. *See* Docket No. 37.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 37. In addition, the Report and Recommendation expressly called plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, plaintiff waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. "In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action." *Isaly v. Bos. Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 118 (S.D.N.Y. 2023), *aff'd*, 2023 WL 6439901 (2d Cir. Oct. 3, 2023) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008). This case arises out of the "same transaction or series of connected transactions," *id.*, as a state court action, Dkt. No. 25-1, that resulted in a judgment on the merits by a court of competent jurisdiction where Ahmad was a party. That Ahmad has appealed the state court judgment does not impact its preclusive effect. *See, e.g.*, *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) ("[R]es judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending.") (citing

*Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988)). Because this action is barred by res judicata, any amendment would be futile. Accordingly, the Report and Recommendation is ADOPTED and the complaint is dismissed with prejudice.

The Clerk of Court is directed to terminate Docket No. 14, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 2, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge